UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

STEPHEN M. CANTOR

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.

    Defendant

## COMPLAINT

**COMES NOW**, the Plaintiff, STEPHEN M. CANTOR, by and through undersigned counsel, and sues the Defendant, CELEBRITY CRUISES, INC., and further states as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant. The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident of the state of New York and *sui juris*. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent.

3. Defendant is a foreign corporation which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about July 17, 2010, Plaintiff was a fare paying passenger on Defendant's vessel Celebrity Solstice. Defendant either owned and/or operated and/or controlled the Celebrity Solstice on July 17, 2010.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain the vessel in a reasonably safe condition by failing to properly train a waiter;

   b. Failing to properly supervise a waiter;

   c. Failing to have a proper system or method of operation for serving hot soup to a passenger;

   d. Failing to warn Plaintiff of the dangers of ordering hot soup at dinner;

e. Failing to inform the Maitre D' in the dining room so that prompt medical care could be delivered to the Plaintiff;

f. Overheating a pot of lobster bisque to the point of making it unreasonably scalding hot.

8. As a result of the foregoing, the Plaintiff was injured when a waiter carelessly and negligently poured a covered pot containing scalding hot lobster bisque over Plaintiff's hands which were folded in his lap instead of into a bowl on the table where Plaintiff was sitting. Plaintiff suffered second degree burns on both hands.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity. In the alternative or in addition thereto, Defendant created the dangerous condition, thus indicating that Defendant was aware of the condition.

10. At all times material, Plaintiff was acting with due care for his own safety.

11. In the alternative, or in addition hereto, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and embarrassment therefrom; scarring and disfigurement; incurred medical expense, and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings; lost the value of the cruise; suffered an aggravation of a pre-existing condition. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs. Jury trial is demanded.

## COUNT II-ASSAULT AND BATTERY

13. Plaintiff realleges paragraphs one through three as if set forth herein.

14. On or about July 17, 2010, Plaintiff was a passenger aboard Defendant's vessel Celebrity Solstice.

15. On or about the aforesaid date, a waiter intentionally poured hot scalding lobster bisque over Plaintiff's hands as he sat at dinner with his hands folded in his lap.

16. Plaintiff saw the waiter pour the scalding hot lobster bisque on his hands but was unable to prevent it from happening as there was no warning the waiter would pour the bisque on Plaintiff's hands.

17. Plaintiff did not consent to have the waiter pour scalding bisque on his hands.

18. The waiter's actions in pouring scalding bisque on Plaintiff's hands was intentional and constituted an assault and battery upon the person of the Plaintiff.

19. Defendant is a common carrier.

20. Defendant is strictly liable for the intentional acts of its crew members.

21. As a result of the waiter's assault and battery on the Plaintiff as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and embarrassment therefrom; incurred medical expense, and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings, scarring and/or disfigurement, the value of the cruise and

suffered an aggravation of a pre-existing condition.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for compensatory and punitive damages and costs.  Jury trial is demanded.

DATED this 25th day of October, 2010.

HOFFMAN LAW FIRM
2888 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: 954-563-8111
Telefax:    954-563-8171

By: /s Paul M. Hoffman
PAUL M. HOFFMAN
Florida Bar No: 0279897